UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
KONSTANTINO HATZISARROU,

                    Plaintiff,

      - against -

BKNY64 INC.,

                    Defendant.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

24-cv-1366 (BMC)

**COGAN**, District Judge.

    This is a copyright infringement action in which plaintiff obtained a copyright for graffiti work created for hire by an artist named Antonio Garcia. The complaint alleges that defendant displayed the art on its website without permission. The case is before me on plaintiff's motion for a default judgment, the Clerk of Court having entered defendant's default pursuant to Federal Rule of Civil Procedure 55(a).

    The complaint contains a single claim for relief: copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501. In light of defendant's default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed admitted. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992). Of course, "[e]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." In re Wildlife Ctr., Inc., 102 B.R. 321, 325 (E.D.N.Y. 1989) (citation omitted). Here, plaintiff has stated a plausible claim.

However, "when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). A court may conduct a hearing to determine the amount of damages, see Fed. R. Civ. P. 55(b)(2), but an inquest by paper record is appropriate when the court relies on affidavits and other documentary evidence, and the amount of damages is liquidated or statutory, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted); Hirsch v. Sell It Social, LLC, No. 20-cv-153, 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020).

Because plaintiff seeks statutory damages exclusively, no hearing is necessary here. Plaintiff seeks statutory damages of $30,000 under 17 U.S.C. § 504(c)(1). "Ordinary" (i.e., non-willful) infringement carries a range of $750 to $30,000 in statutory damages. 17 U.S.C. § 504(c)(1). In cases of "willful" infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. at (c)(2).

Whether ordinary or willful, determining the proper award within these ranges is a matter of the Court's discretion, see Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1116 (2d Cir. 1986), informed by a number of financial and conduct-based considerations. These considerations include:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., 603 F.3d 135, 143-44 (2d Cir. 2010) (citation omitted).

In the default context, it is incumbent upon plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking. Of course, defendant's failure to appear confines that which plaintiff can show, so allowance must be made for that limitation. See Streamlight, Inc. v. Gindi, No. 18-cv-987, 2019 WL 6733022, at *17 (E.D.N.Y. Oct. 1, 2019) ("[D]efendants frustrated the litigation process by failing to appear in this case or, at any point, respond to the allegations listed in the Complaint. As a result, plaintiff could not obtain meaningful discovery, including discovery related to damages.") (internal citation omitted). However, even on an unopposed motion for default judgment, the plaintiff may be able to ascertain information from readily-available public sources about the infringement and the defendant's financial status. See Conan Props. Int'l LLC v. Sanchez, No. 17-cv-162, 2018 WL 4522099, at *31 n. 37, 36 (E.D.N.Y. June 8, 2018), report and recommendation adopted with modifications, 2018 WL 3869894 (E.D.N.Y. Aug. 15, 2018). And a plaintiff can certainly disclose his usual licensing fee so that actual damages can be considered as a component of statutory damages. See Bryant, 603 F.3d at 144 (listing "the revenue lost by the copyright holder" as relevant to ascertaining a damages award under the Copyright Act).

Unfortunately, plaintiff has not given me much assistance in applying these factors here. Plaintiff has chosen "not to incur the further costs to present the evidentiary bases for such other available monetary remedies and chooses not to burden the Court with further evidentiary adjudication of such other available monetary remedies." Plaintiff is correct that he has the right to elect statutory damages without proof of his actual damages, see Nat'l Football League v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 471-72 (S.D.N.Y. 2001), but by not disclosing his usual license fee, he has limited my ability to analyze the relevant factors used to determine the appropriate award, see supra at 2 (citing Bryant, 603 F.3d at 144).

3

Instead of conducting some minimal investigation of the infringement and then arguing the facts of this case to support his award requests, plaintiff simply asserts that a multiplier over a usual license fee does not promote deterrence. I don't see why not – it depends on the size of the multiplier and the license fee.

As another court noted:

> Plaintiff [has not] provided any support, case law or otherwise, for the $10,000 figure other than attaching orders where courts adopted the $10,000 in statutory damages listed in the plaintiff's proposed order. Plaintiff has not explained why the orders he attaches are appropriate comparisons. Accordingly, because Plaintiff would have difficulty showing actual damages for removal of the gutter credit and has not made much of an effort to support a damages figure, I recommend that the minimum of $2,500 be awarded in statutory damages.

<u>Jerstad v. New York Vintners LLC</u>, No. 18-cv-10470, 2019 WL 6769431, at *4 (S.D.N.Y. Dec. 12, 2019) (citations omitted), <u>report and recommendation adopted</u>, 2020 WL 58237 (S.D.N.Y. Jan. 6, 2020). In a case similar to the instant case where the court rejected a request for a $30,000 statutory damages award under the Copyright Act, the court noted:

> The Court has considered these factors and concludes that statutory damages of $2,500 – not $30,000 – is appropriate. On the one hand, Plaintiff's allegations and exhibits support a finding that Defendant acted willfully… . Defendant's default only serves to bolster these allegations.
>
> On the other hand, Plaintiff presents no evidence of lost revenue or other damages. Statutory damages need not be directly correlated to actual damages, but they ought to bear some relation to actual damages suffered. As a professional photographer who licensed the photograph at issue, Plaintiff presumably could have supplied information on his lost revenue, including licensing fees. He chose not to do so. Although he is not required to submit such evidence to obtain statutory damages, the seeming absence of tangible harm is something the Court may consider.

<u>Mantel v. Smash.com Inc.</u>, No. 19-cv-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (citations and quotations omitted).

4

As in Jerstad and Mantel, plaintiff has not sufficiently developed this record to warrant the statutory damages he seeks. His usual licensing fee is totally within his control, and its non-disclosure leads me to draw the inference that the fee is *de minimis*. That is a relevant factor for me to consider. See Bryant, 603 F.3d at 144. Plaintiff has prevented me from even considering whether a multiplier of his licensing fee – a measure often used by district courts to determine a statutory award, see, e.g., Michael Greco Prods. v. Function(X), Inc., No. 18-cv-386, 2019 WL 1368731, at *4-5 (S.D.N.Y. March 11, 2019) – is appropriate here.

Second, other than having seen the "visual work", plaintiff has made no effort to ascertain the nature of the defendant's business or its financial wherewithal to pay a substantial damages award. He has submitted no Bloomberg or Dun & Bradstreet report on defendant, no photographs of defendant's business, no example of the kind of publication in which it engages, and no indication whether this is the first time or the 100th time that defendant has violated the copyright laws (which should be readily ascertainable through a PACER search). Plaintiff has given me no idea of what kind of business defendant runs and whether the $30,000 he seeks is proportionate to satisfy the goals of the statute. If he could bother to go on defendant's website to find the copyright infringement, he could also gather some conception of defendant's business to see if it's a hot dog stand or a museum. Given the punitive and deterrence considerations inherent in fixing a statutory award, see Van Der Zee v. Greenidge, No. 03-cv-8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006), whether a defendant is a serial copyright violator, and the level of defendant's gross revenues are considerations that bear heavily on the appropriate amount of statutory damages.

On the other hand, plaintiff has properly asserted that defendant's failure to respond not only to the summons and complaint, but also to the default judgment motion, is indicative of willfulness. See, e.g., CJ Prods. LLC v. Your Store Online LLC, No. 11-cv-9513, 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012) (collecting cases), report and recommendation adopted, 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012). Aside from this, however, plaintiff has left out more than he has disclosed. I note that, like other judges, I have previously engaged in a similar analysis, pointing out the frequent lack of support for a statutory award theory in these kinds of cases. See Mango v. Pacifica Found. Inc., No. 18-cv-6381, 2019 WL 569073, at *2 (E.D.N.Y. Feb. 11, 2019) (plaintiff's failure to provide evidence regarding his typical license fee weighs in favor of a reduced award), vacated on other grounds, 2019 WL 4134776 (E.D.N.Y. May 2, 2019). However, plaintiff's counsel in the instant case does not appear to be listening to that advice.

Just as troubling, plaintiff has given me little idea of what kind of business he is running. He alleges that he makes his living "in the visual arts." I don't know what that means. The Copyrighted Work appears to be, but is not alleged to be, a wall mural, or maybe a painting, by an artist named Antonio Garcia. Plaintiff describes it as a "work for hire," but I don't know if it was plaintiff who hired Garcia. Specifically, I cannot tell if plaintiff is in the business of buying up infringed copyrights on marginal works on the cheap and then bringing lawsuits to extract *de minimis* settlements, which I think would be a relevant factor in fixing statutory damages.

Based on all the considerations set forth above, I conclude that plaintiff is entitled to recover statutory damages in the amount of $5,000. Of all of the factors I have considered, the most important is plaintiff's decision to withhold his actual licensing fee. See id. This suggests to me that his usual fee for a work like this may be in the hundreds of dollars rather than the

thousands, which would make $5,000 a substantial multiple of his licensing fee no matter where within the $1 to $1,000 range that his licensing fee falls. An award at this level will thus satisfy the dual purposes of statutory damages under the Copyright Act – compensation and deterrence. See Fitzgerald Pub. Co., Inc., 807 F.2d at 1117.

Accordingly, plaintiff's motion [12] for a default judgment is granted to the extent set forth above. The Clerk is directed to enter final judgment in favor of plaintiff and against defendant for $5,000 in statutory damages.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
    October 20, 2024